```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

DONTRE REON CRAWFORD,

        Petitioner,

v.                                    Case No: 2:20-cv-211-JES-NPM
                                           Case No. 2:12-CR-20-JES-NPM

UNITED STATES OF AMERICA,

        Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #131)[1] filed on March 23, 2020. The government filed a Response in Opposition to Motion (Cv. Doc. #7) on April 9, 2020. The petitioner filed a Reply (Cv. Doc. #13) on April 30, 2020. For the reasons set forth below, the motion is denied.

**I.**

On February 15, 2012, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with possession of a firearm by a felon who had been convicted of (1) felony battery; (2) the

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

selling/manufacturing/dealing within 1000 feet of a school and possession of cocaine; and (3) manslaughter with a firearm/deadly weapon, attempted armed robbery (firearm/deadly weapon) and attempted home invasion robbery, in violation of Title 18, United States Code, Section 922(g)(1) and 924(e), and Section 2. Petitioner entered a plea of not guilty and proceeded to trial on September 11, 2012. (Cr. Doc. #4; Cr. Doc. #82.) On September 12, 2012, the jury returned a verdict of guilty. (Cr. Doc. #85.)

On May 6, 2013, the Court sentenced petitioner to a term of imprisonment of 180 months, followed by a term of supervised release. (Cr. Doc. #105.) Petitioner was found to be an armed career criminal, providing him an Enhanced Total Offense Level of 31, after acceptance of responsibility. With a Criminal History Category of IV, the Sentencing Guideline imprisonment range was 180 months to 188 months. (Presentence Investigation Report, ¶¶ 24-26, 66.) Judgment (Cr. Doc. #106) was filed on May 6, 2013.

Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255 (Cr. Doc. #127) on December 1, 2015. On January 29, 2019, the motion was voluntarily dismissed without prejudice. (Cr. Doc. #128.)

Petitioner's current motion was signed and deemed filed on March 9, 2020. In Ground One, the only claim presented, petitioner argues that the government failed to prove that petitioner knew that he engaged in relevant conduct and failed to prove that he

fell within the relevant status, i.e., having the *mens rea*. The government concedes that the motion is timely filed within one year of Rehaif v. United States, 139 S. Ct. 2191 (2019). (Cv. Doc. #7, p. 10.) The Court finds petitioner's § 2255 motion is timely under § 2255(f)(3) as to the Rehaif, which is cognizable in this § 2255 proceeding.

## II.

Title 18 U.S.C. § 922(g)(1) provides in pertinent part that it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition". 18 U.S.C. § 924(e)(1). The statutory penalty for this offense is up to ten years imprisonment. 18 U.S.C. § 924(a)(2). Under the Armed Career Criminal Act (ACCA), if the person also has three previous convictions by any court "for a violent felony or a serious drug offense, or both," the person is subject to an enhanced sentence of not less than fifteen years imprisonment. 18 U.S.C. § 924(e)(1).

At the time of Petitioner's offense and the proceedings in the district court, it was well-settled that a conviction under § 922(g) required the government to allege and ultimately prove that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was prohibited by one of the grounds in § 922(g) from possessing a firearm or ammunition; and (3) the firearm or

ammunition affected interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008). There was no requirement that the government prove defendant knew of his status as a convicted felon. United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997); United States v. Rehaif, 888 F.3d 1138, 1147 (11th Cir. 2018); United States v. Roosevelt Coats, 8 F.4th 1228, 1234 (11th Cir. 2021).

This was changed by the Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court reversed a defendant's conviction under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court had instructed the jury it did not need to find that defendant knew he was in the country unlawfully. Rehaif, 139 S. Ct. at 2195. The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." Greer v. United States, 141 S. Ct. 2090, 2095 (2021) (citing Rehaif at 2199-2200) (emphasis in original). As the Eleventh Circuit has summarized: "when a defendant is charged with being a felon in possession of a firearm

under § 922(g)(1), the knowledge-of-status element requires proof that at the time he possessed the firearm he was aware he had a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year.' See [Rehaif at 2200] (quoting 18 U.S.C. § 922(g)(1))." Roosevelt Coats, 8 F.4th at 1234-35.

### III.

The plain error standard of Fed. R. Crim. P. Rule 52(b) applies to unpreserved Rehaif issues. Greer, 141 S. Ct. at 2096. To satisfy this standard, a litigant must satisfy three threshold requirements: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. If all three requirements are satisfied, the court may grant relief if the error had a serious effect on the fairness, integrity, or public reputation of judicial proceedings. Id. at 2096-2097. The party asserting plain error has the burden of establishing each of these four requirements. Id. at 2097.

**A. Plain Errors Under Rehaif**

It is undisputed that the Indictment filed against petitioner did not allege that he knew of his convicted-felon status, as now required by Rehaif. Count One of the Indictment (Cr. Doc. #1) charged that on or about January 2, 2012, Petitioner was "a person convicted of a crime punishable by imprisonment for a term exceeding one year," and specifically identified three such convictions. Count One further alleged that Petitioner "did

knowingly possess, in and affecting interstate commerce, a firearm, namely, a Hi-Point Firearms (Beemiller, Inc.), 9mm Luger, model C9, semi-automatic pistol, serial number P1256908, and Winchester 9mm Luger ammunition, and Remington 9mm Luger ammunition. In violation of Title 18 United States Code, Sections 922(g)(1) and 924(e), and Section 2." (Id., p. 2.) Count One did not allege, however, that Petitioner knew he was "person convicted of a crime punishable by imprisonment for a term exceeding one year," i.e., that he knew he was a convicted felon. It is a reasonable inference that the grand jury received no evidence or instructions as to this component of the *mens rea* requirement. Thus, Count One failed to comply with the requirements of Rehaif.

It is now well-established that this type of omission from a § 922(g) indictment is both error and plain. See United States v. Moore, 954 F.3d 1322, 1337 (11th Cir. 2020); United States v. Innocent, 977 F.3d 1077, 1082 (11th Cir. 2020); United States v. Johnson, 981 F.3d 1171, 1179 (11th Cir. 2020); United States v. Leonard, 4 F.4th 1134, 1143 (11th Cir. 2021); United States v. Dudley, 5 F.4th 1249, 1267 (11th Cir. 2021). Petitioner has therefore satisfied the first and second prong of the plain error standard as to Count One of the Indictment.

**B. Substantial Rights**

The language of § 922(g) requires that at the time of the offense a defendant must know he "has been convicted in any court

of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922. "[T]he knowledge-of-status element requires proof that at the time he possessed the firearm he was aware he had a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year.'" Roosevelt Coats, 8 F.4th at 1235 (quoting 18 U.S.C. § 922(g)(1)). Nothing in the statute requires that a § 922(g) defendant know he has committed a federal offense. Leonard, 4 F.4th 1145 n.5 ("In a prosecution under § 922(g), the government must prove that a defendant knew of his *status* as a person barred from possessing a firearm, but it does not need to prove that the defendant knew he could not possess a gun.") (citation omitted) (emphasis in original); United States v. Lawson, 861 F. App'x 337, 340 (11th Cir. 2021) ("The relevant status element for a felon-in-possession-of-a-firearm charge requires proof that the defendant knew he was a person convicted of 'a crime punishable by imprisonment for a term exceeding one year.'") (citations omitted); United States v. Benton, 988 F.3d 1231, 1235–36 (10th Cir. 2021) (rejecting an argument that "Rehaif imposed an additional burden on the government . . . to prove [a defendant] knew he was prohibited from possessing a firearm as a result of his status"). Id. at 1238 (A defendant's "'knowledge of his status' is what helps ensure . . . that the defendant has the 'intent needed to make his behavior wrongful.'") (citations omitted).

At trial, Petitioner took the stand and testified that he had a nine-millimeter firearm in his waistband when the car was stopped by law enforcement. (Cr. Doc. #112, 31:2-8.)

> Q And we see on the video that you're being led to the back of the car.
>
> A Yes, sir.
>
> Q All right. And at some point do the officers realize you have a firearm on you?
>
> A Yes, sir.
>
> Q And what do you do at that point?
>
> A I do nothing, sir. You know, I'm in handcuffs. Nothing I really can do.
>
> Q Okay. And did the officers ask you if you have a concealed weapons permit?
>
> A At one point after they put me to the ground, yes, sir.
>
> Q Okay. And what did you tell them?
>
> A No, sir.
>
> Q Did the officers ask you if you were a convicted felon?
>
> A Yes, sir.
>
> Q And what did you tell them?
>
> A Yes, sir.
>
> Q Okay. And why did you have that firearm on you?
>
> A Well, prior to these -- this incident here, you know, as we know, I'm a convicted felon, and I served some prison time, eight years in all. But prior to that, when I got out, I met a female, and we start having sexual relationships. Whatever.

(Id., 32:9-33:6.)  Petitioner agreed that he had been out of prison for approximately 8 weeks, "and as a convicted felon, [Petitioner possessed a firearm." (Id., 49:7-10.)  The government asked Petitioner "So you took it upon yourself to violate the law and possess a firearm."  Petitioner agreed and stated that he knew he had the gun.  (Id., 53:17-21.)

During closing arguments, defense counsel argued that Petitioner knew he was a convicted felon and that he was not supposed to have a firearm:

> Mr. Crawford is a convicted felon. He's been to prison before. He could have easily just pled guilty, and eaten his sentence, and gone away to prison. But he didn't.  Because he honestly believed that he needed that firearm for his own personal safety.
>
> Mr. Crawford lives in a different world than most people live in. It's a world of violence. It's his world.  It's what he believed. And that's why he carried that firearm.  He wasn't supposed to have the firearm under the law, but he did have that firearm.

(Id., 88:11-20.)

"In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon."  Greer at 2097.  See also Roosevelt Coats, 8 F.4th at 1238.  It is clear from the testimony

that Petitioner knew he was a felon and that the substantial rights prong has not been met.

### C. Effect on Judicial Proceedings

Even if Petitioner could establish the third plain error prong, he has not established that the plain errors had a serious effect on the fairness, integrity, or public reputation of his judicial proceedings.

Because the record refutes petitioner's claim of reversible error, he is not entitled to an evidentiary hearing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's motion Requesting Legal Assistant (Cv. Doc. #6; Cr. Doc. #132) is **DENIED.**

2. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #131) is **DENIED.**

3. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell,

556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of April 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA